UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:17-cr-00205-TWP-MJD-1 |
| ) | |
| GARY SELLERS, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION TO REVOKE RELEASE ORDER**

This matter is before the Court on the Government's request that the Court conduct a *de novo* review of the Magistrate Judge's Order permitting pretrial release of Defendant Gary Sellers ("Sellers") pursuant to 18 U.S.C. § 3145(a). The Court has reviewed the Magistrate Judge's Order Setting Conditions of Release ([Filing No. 44](#)), a rough draft unofficial transcript of the proceedings held on November 16, 2017, the pretrial services report ("PS3") prepared by the United States Probation Office, the Government's Motion for Revocation of Release Order ([Filing No. 45](#)), the Defendant's Response to Plaintiff's Motion for Revocation of Release Order ([Filing No. 50](#)) as well as testimony, proffers, and argument submitted at the November 21, 2017 hearing. For the reasons stated below, the Court finds the Government has met its burden to show by clear and convincing evidence that there are no conditions or combination of conditions which would overcome the unacceptable risk that Sellers's release poses a danger to the community. Accordingly, the Government's Motion for Revocation of Release Order is **GRANTED.**

**I. BACKGROUND**

On October 11, 2017, Sellers was indicted as the lead defendant on one count of conspiracy to possess with intent to distribute and to distribute a controlled substances, a violation of Title 21,

United States Code, Sections 841(a)(1) and 846. He made an initial appearance on November 13, 2017 and waived his right to a formal arraignment. The Government orally moved for pretrial detention pending trial pursuant to Title 18, United States Code, Section 3142(f)(1)(B) and (C), on the basis that Sellers is charged with an offense under the Controlled Substance Act for which the maximum penalty is ten years or more. On November 16, 2017, the Magistrate Judge conducted a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of the statute would reasonably assure the appearance of Sellers as required and the safety of any other person and the community. The parties agreed that there is a rebuttable presumption for detention given the charges. At the detention hearing, the Magistrate Judge found (and the Government agreed) that Sellers does not present a risk of flight that cannot be adequately addressed by conditions. The Magistrate Judge also found the Government had not shown by clear and convincing evidence that there was no combination of conditions that could reasonably assure the safety of others or the community and Sellers was ordered released under certain conditions. The Government moved for a stay of the Magistrate Judge's order pending *de novo* review by the District Court Judge. A hearing on the Government's motion to revoke the detention release order was held on November 21, 2017.

## II.  **FINDINGS OF FACT**

Sellers has significant ties to the community. He is a lifelong resident of Indiana and has lived in Indianapolis on and off since 2002. Sellers has the support of numerous family members, friends and clients and at least 25 people have attended his hearings. He has no verifiable employment history, but an employer is willing to hire him if released. Sellers is self-employed as a basketball skills trainer of student athletes and his clients have paid him thousands of dollars, however, Sellers has not filed tax returns on this income (or reported only minimal income) in the

past three years. Sellers has two children by different mothers. His eldest child lives in Kentucky and the mother reports that Sellers is supportive both emotionally and financially. The mother of his other child is a protected party in a protective order that is in place until March 2018. Sellers has been with his current girlfriend for six years and she relies on him for emotional support.

Sellers reports sub-leasing and living at a house on Salona Place in Indianapolis since July 2017. However, he is unsure of whose name is listed on the lease. The Government presented evidence that Sellers moved into the Salona Place house in August 2107 and that prior to his residency, the house was utilized by Sellers as a "stash house" for the purpose of storing and trafficking controlled substances. Sellers has no history of violence in his criminal history. He has eleven prior convictions including a prior felony conviction in 2003 for Possession of Cocaine or Narcotic Drug. His misdemeanor convictions consist of six alcohol related offenses and three drug related offenses. His last known conviction was over seven years ago. In 2001, Sellers was arrested and charged with battery resulting in bodily injury, criminal recklessness, and pointing a firearm. Specifically, he was the victim of a home invasion on this occasion, and he shot at the perpetrators as they left his residence. When the police arrived, they found the drug Ecstasy and $148,000.00 in cash. The charges against Sellers were ultimately dismissed due to a Fourth Amendment issue with the officers' entry into the residence. At the time of his instant arrest, Sellers tested positive for marijuana.

The Government presented evidence of the nature and circumstances of the offense charged. The evidence against Sellers is as follows: an investigation began in July 2017 which involved court authorized interception of several cellular telephones. The Drug Enforcement Agency's ("DEA") Diversion unit was investigating suspected prescription drug and heroin trafficking. The investigation included intercepts over Sellers' cellular telephone for a sixty day

period in July and August 2017, and during that time Sellers was dealing drugs on a daily basis. He was primarily dealing marijuana, but also trafficked in methamphetamine and heroin (as charged in the Indictment). The investigation revealed that Sellers utilized Solana Place as a 'stash house'. Detective Ryan Clark testified that Sellers routinely conducted drug deals in the parking lot of the gym where he went to train children.

On November 9, 2017, a federal search warrant was executed at Sellers's home on Solana Place. In that search, officers found three firearms: one firearm was under his bed, one was under the couch, and the third was in a 'trap'[1] in one of Sellers's vehicles, along with a sum of cash. Detective Clark also testified that Sellers kept most of his assets (multiple vehicles and residences) in other people's names, which he knows to be a tactic utilized by drug traffickers to thwart law enforcement detection.

### III. CONCLUSIONS OF LAW

Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to reasonably assuring the safety of any other person and the community, the Government bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Ports*, 786 F.2d at 764; *Orta*, 760 F.2d at 891 & n. 18; *Leibowitz*, 652 F. Supp. at 596; *United States v. Knight*, 636 F.Supp. 1462, 1465 (S.D. Fla. 1986). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 43 1-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

---

[1] A trap is a non-factory installed compartment commonly utilized for the concealment of narcotics or weapons.

In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the Court must take into account the following factors under 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;
>
> (2) the weight of the evidence against the accused;
>
> (3) the history and characteristics of the person, including—
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g)(1)-(3)(A), (B), and (4).

The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above. Among the factors presented for the Court's consideration is Sellers's character, his family ties, employment, financial resources, length of residence in the community, community ties, past conduct, criminal history, and record concerning court appearances. *See* 18 U.S.C. § 3142(g)(3)(A). However, the presence of community ties and related ties have been found to have no correlation with the issue of safety of the community. *United States v. Delker*, 757 F.2d 1390, 1396 (3rd Cir. 1985); S.Rep. No. 98- 225, 98th Cong., 1st Sess. at 24, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3207-08. The Court also considers that at the time of the offense, Sellers was not on probation, parole or otherwise completing a sentence.

The Court first considers the nature and circumstances of the offense charged. 28 U.S.C. § 3142(g)(1). Sellers was intercepted at various times during the investigation planning to meet and trafficking in the sale of marijuana, methamphetamine and heroin. He was involved in a conspiracy to distribute heroin and methamphetamine, two controlled substances which have resulted in record numbers of overdoses and deaths in the Southern District of Indiana. A search of his home recovered a large quantity of controlled substances, as well as marijuana and cash. Three firearms were found in locations where the drug trafficking activity occurred—his home and the vehicle with a 'trap'. The weight of the evidence against Sellers is strong and favors detention. 18 U.S.C. § 3142 (g)(2).

There are factors weighing in Sellers's favor. Sellers has strong community and family ties, including two children, several family members and a girlfriend. Although he has no history of verifiable employment, he has been self-employed as a trainer and has secured verifiable employment if he were to be released. Although he has 13 arrests and 11 prior convictions, he has never failed to appear in court when ordered to appear.

There are also factors which demonstrate that Sellers is an unacceptable danger to the community. His past conduct demonstrates a history relating to drug trafficking dating back to the 2001 arrest when $148,000.000 and Ecstasy were located in his home. He was convicted of felony possession of cocaine in in 2003. In addition, over the past 60 days Detective Clark and DEA agents intercepted telephone calls where Sellers was trafficking on a daily basis in either marijuana, methamphetamine or heroin. Sellers also engaged in drug trafficking in his car in the parking lot of the gym where he trained children. Despite being a previously convicted felon, he maintained two firearms in the residence that was utilized to store drugs and maintained a third firearm in the vehicle he used for drug trafficking. Regarding his history relating to drug or alcohol

6

abuse, Sellers has six alcohol related convictions and three prior drug related convictions, including a felony drug conviction. Regarding his financial resources and the lack of verifiable employment income, there is great uncertainty concerning his assets and whether they were financed by drug activity. Sellers has a history of residences and vehicles in other names, an activity typical of drug dealers.

Finally, the Court considers the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(4). The language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. *United States v. Dominguez,* 629 F. Supp. 701 (N.D. Ind. 1986). Congress specifically identified the narcotics trade as a danger to the community that the Bail Reform Act sought to redress. *See* S. Rep. No. 225, 98th Cong., 2d Sess. 20, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3203. The Bail Reform Act describes two sets of circumstances "under which a strong probability arises that no form of conditional release will be adequate." S.Rep. 225, *supra,* at 19, 1984 U.S.Code Cong. & Admin.News p. 3202. One of those circumstances is in cases in which the defendant is charged with certain offenses involving trafficking in narcotic drugs. The Senate Report specifically noted:

> It is well known that drug trafficking is carried on to an unusual degree by persons engaged in continuing patterns of criminal activity. Persons charged with major drug felonies are often in the business of importing or distributing dangerous drugs, and thus, because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism.

*Id.* at p. 3203.

The proposed release conditions do not adequately address the risk that Sellers will continue to participate in the drug trade upon release. Drug trafficking is an extremely lucrative business. Here, there is both circumstantial and direct evidence of assets and finances acquired

7

through continuing drug trafficking for many years. Sellers has engaged in continuing activities typical of drug dealers. The Court considers the uncertainty of Seller's finances, failure to report any or only minimal income taxes, a lack of past verifiable employment and accruing of valuable assets (a Rolex watch, $148,000.00 in cash), a history of residences and vehicles in others' names, a 'trap' compartment with a firearm located inside of his vehicle, and the DEA interceptions reflecting daily drug trafficking for the 60 days when Sellers was being monitored, including trafficking in the parking lot where he trained student athletes.

The Court finds the Government's evidence to be credible and their arguments persuasive. The Court is convinced by clear and convincing evidence that there are no conditions of release which would protect the community from Sellers's continued dangerous criminal activity of drug possession and trafficking.

## IV. CONCLUSION

Based on his history, characteristics, and past and present conduct, the Court finds that no conditions or combination of conditions exist which would overcome the unacceptable risk that Sellers's release poses a danger to the community. After considering the factors set forth under 18 U.S.C. § 3142(g) and according due weight to the presumption under 18 U.S.C. § 3142(e), the District Court's *de novo* determination is that the Government has met its burden of proof and the Government's Motion for Revocation of Release Order ([Filing No. 45](#)) is **GRANTED**. Sellers is **REMANDED** to the custody of the United States Marshal pending trial or other disposition of this matter.

**SO ORDERED.**

Date: 11/22/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mario Garcia
BRATTAIN MINNIX GARCIA
mgarcia@brattainminnix.com

Michelle Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov

United States Marshals Office

United States Probation Office